**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAILON ADAMS, | : | NO. 3:25-CV-00302 |
| Plaintiff, | : | |
| | : | (SAPORITO, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| ARAYNA VALDEZ, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

On February 2, 2026, the Court construed Plaintiff Kailon Adams's Third Amended Complaint (doc. 30) as a motion for leave to file an amended pleading and deemed it filed. Doc. 33. Because Adams has been granted leave to proceed *in forma pauperis* (doc. 8), the undersigned conducted a preliminary review of the Third Amended Complaint pursuant to 28 U.S.C. § 1915(e).

Because the Third Amended Complaint alleges only a claim for personal injuries (doc. 30 ¶ 24), it fails to invoke this Court's subject matter jurisdiction. The undersigned, therefore, respectfully recommends that the Court dismiss the Third Amended Complaint without prejudice. *See Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025), quoting *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 140, 148 (3d Cir. 2024) ("Even when a district court determines that

granting leave to amend would be futile, the 'general rule applies' and a dismissal for lack of Article III standing must be 'without prejudice[.]').

## I.    BACKGROUND

In the operative Third Amended Complaint, Adams sues three McDonalds franchise owners and one McDonalds employee for personal injuries. Doc. 30 ¶¶ 1-2, 24.

As alleged, on February 18, 2024, while at a McDonalds in Scranton, Pennsylvania, Adams sustained personal bodily injuries when Defendant Arayna Valdez, a McDonalds employee, threw hot coffee towards his face. *See id.* ¶¶ 4, 13, 16, 24. Following the incident, police officers "arrived but arrested [Adams] and took him to prison without taking him to the hospital." *Id.* ¶¶ 3, 18.

On February 20, 2025, Adams lodged a complaint against police officers Nolan and Tulaney, McDonalds, and Valdez, and moved for leave to proceed *in forma pauperis. See* docs. 1-2. The Court granted Adams leave to proceed IFP and screened the original complaint, finding deficiencies. Docs. 8-9. In response to the Court's order (doc. 9), Adams filed two amended complaints (docs. 11, 13) which named as defendants Officers Nolan and Tulaney and several John and Jane Does. The second

amended complaint (doc. 13) was served on police officers Nolan and Tulaney following the Court's order. Doc. 16.

After officers Nolan and Tulaney moved to dismiss (doc. 22), Adams filed a third amended complaint (doc. 30), removing officers Nolan and Tulaney as defendants. On February 2, 2026, the Court construed the Third Amended Complaint as a motion for leave to file an amended pleading and deemed it filed. Doc. 33.

## II.    LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis.* Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." [*Ashcroft v.*] *Iqbal,* 129 S.Ct. [1937,] 1947 [(2009)]. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at

> 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation.

## III. ANALYSIS

Upon review of the Third Amended Complaint, the undersigned finds that it fails to invoke the Court's subject matter jurisdiction.

Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Third Amended

Complaint does not invoke this Court's subject matter jurisdiction because Adams's sole claim for personal injuries does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Adams does not allege any other federal law as the basis for this lawsuit. Neither does he invoke diversity jurisdiction. *See* 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022), quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court, therefore, "presume[s] that a cause lies outside this limited jurisdiction." *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818 (3d Cir. 2023), citing *Kokkonen*, 511 U.S. at 377.

Here, Adams's only claim is against private individuals, McDonalds franchise owners and an employee, for inflicting "personal bodily injuries caused by a hot substance." Doc. 30 ¶ 24; *see id.* ¶¶ 1-2 (listing four private individual defendants). To be sure, even though state law creates a cause of action, a case might still "arise under" federal law if a well-pleaded complaint establishes that the right to relief requires resolution of a substantial question of federal law. *Polcha v. AT & T*

*Nassau Metals Corp.*, 837 F. Supp. 94, 95-96 (M.D. Pa. 1993), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 13 (1983). But, as pleaded, the Third Amended Complaint contains no factual allegations that could invoke a substantial question of federal law because it only concerns the personal injuries that Adams sustained from a McDonald's employee.

Adams may always turn to the state courts to bring his personal injury claim. *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 382 (3d Cir. 2022) ("State, but not federal, courts are courts of general jurisdiction."). And this Court could adjudicate his state law claim, if the Court had diversity jurisdiction if no plaintiff is a citizen of the same state as any defendant, and the matter in controversy exceeds $75,000 in value. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); 28 U.S.C. § 1332(a). As pleaded, however, the Third Amended Complaint only states that Adams is a citizen of Pennsylvania, and the four defendants' citizenship are not alleged. Doc. 30 ¶¶ 5-9.

The Third Circuit instructs this Court to grant leave to amend when an *in forma pauperis* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile.

*Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Adams is a *pro se* plaintiff, and amendment would not be inequitable and may not be futile, the undersigned recommends that the Third Amended Complaint be dismissed without prejudice. *See Cook*, 148 F.4th at 163, quoting *Barclift*, 93 F.4th at 140, 148 ("Even when a district court determines that granting leave to amend would be futile, the 'general rule applies' and a dismissal for lack of Article III standing must be 'without prejudice[.]'").

## IV.   RECOMMENDATION

Accordingly, the undersigned respectfully recommends that:

(1)   The Third Amended Complaint (doc. 30) be **DISMISSED** without prejudice; and

(2)   The Clerk of Court be **DIRECTED** to administratively close this case.

The Plaintiff is further placed on notice that, pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall

specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 29, 2026

s/ *Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge